UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BREYANKA DEAN,

    Plaintiff,

v.

RACHEL RANCILIO, et al.,

    Defendants.

Case No. 25-cv-12348

Honorable Robert J. White

**ORDER (1) GRANTING PLAINTIFF'S IFP APPLICATION, (2) DISMISSING THE COMPLAINT WITHOUT PREJUDICE, AND (3) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Before the Court is *pro se* Plaintiff Breyanka Dean's application to proceed *in forma pauperis*. (ECF No. 2). Plaintiff asserts various causes of action, all arising from a custody dispute and related decrees issued in state court. (ECF No. 1). Defendants Judge Rachel Rancilio, Referee Jaqueline Wright, Referee David Faulk, and the Macomb County Friend of the Court are all judicial or quasi-judicial officers involved in the underlying custody dispute;[1] Defendant Craig Hunter is the father of Plaintiff's minor child.

---

[1] These parties are referred to collectively as the Judicial Defendants.

Plaintiff also moves for a temporary restraining order (TRO) essentially seeking to enjoin enforcement of a state-court order and restore her custody rights to her minor child. (ECF No. 3).  For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, (2) dismiss the complaint without prejudice for failure to state a claim, and (3) deny Plaintiff's motion for a TRO as moot.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence.  The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other

words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

As an initial matter, all the claims against the Judicial Defendants in their official capacity are either barred by sovereign immunity or insufficiently pled. Sovereign immunity bars constitutional claims against state agencies and state officials sued in their official capacity. *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021). State officials are generally immune in actions for money damages in federal court. *Id.* But "the Eleventh Amendment does not bar a federal court from issuing an injunction ordering *prospective* relief against a state official in order to prevent future constitutional violations." *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (emphasis added). Indeed, an exception to sovereign immunity "permits federal courts to enjoin state officials from the future enforcement of state legislation that violates federal law." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005).

3

"The rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds is barred." *Barton*, 293 F.3d at 948-49 (cleaned up). Accordingly, even in suits seeking an injunction against public officials, relief should not be granted if it would be "tantamount to an award of damages for a past violation of federal law, even though styled as something else." *Id.* at 949; see also *Ernst*, 427 F.3d at 367 ("In distinguishing between forbidden monetary relief and permissible injunctive relief, the Supreme Court has explained that 'relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant.'") (quoting *Papasan v. Allain*, 478 U.S. 265, 278 (1986)).

"On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." *Ernst*, 427 F.3d at 367-68; *see also Barton*, 293 F.3d at 949 ("If the injunctive relief sought by the plaintiff is truly prospective non-monetary relief, sovereign immunity will not bar the suit simply because the state may be required to make incidental expenditures in complying with the injunction.").

Here, to the extent Plaintiff seeks significant monetary damages and a declaratory judgment that Defendants violated her rights (ECF No. 1, PageID.18-

19), this relief serves to compensate her for the Judicial Defendants' alleged past misconduct and harm that has already occurred, and Plaintiff's official capacity claims against the Judicial Defendants are therefore barred, in part, by sovereign immunity.

The Court acknowledges that Plaintiff also seeks forward-looking relief (1) to enjoin "further actions to interfere with Plaintiff's parental rights or enforcing custody or protection orders without providing due process, proper jurisdiction, and adequate notice" and (2) "to permit Plaintiff meaningful access to court proceedings and to process her filings without undue barriers, including removing any financial or procedural impediments to accessing justice." (ECF No. 1, PageID.19). Nevertheless, any portion of Plaintiff's official capacity claims not barred by sovereign immunity must still be dismissed because (1) Plaintiff's desired prospective relief relates solely to the alleged procedural defects present during the underlying custody proceedings and (2) Plaintiff's procedural due process claim is insufficiently pled.

"A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023). "Importantly, the Court has stated that a procedural due process claim is not complete when the deprivation occurs." *Id.* (internal quotations and citation omitted). "Rather, the claim is complete

5

only when the State fails to provide due process." *Id.* (internal quotations and citation omitted); see also *Debardelaben v. Jpay, Inc.*, No. 23-12507, 2023 U.S. Dist. LEXIS 194215, at *5 (E.D. Mich. Oct. 30 2023) ("A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate.") (citing *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983)). "If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his or her state remedies, the case should be dismissed." *Debardelaben*, 2023 U.S. Dist. LEXIS 194215 at *5 (citing *Bass v. Robinson*, 167 F. 3d 1041, 1050 (1999). Because Plaintiff fails to allege that state procedures are inadequate to redress the procedural harms alleged, she has not plausibly pled this claim.

In sum, because monetary relief is barred by sovereign immunity and Plaintiff's proposed prospective relief exclusively relates to her insufficiently pled procedural due process claim, all claims against the Judicial Defendants in their official capacity are dismissed.

Moving to the individual capacity claims against the Judicial Defendants, these must also be dismissed. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *see also Morgan v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023)

6

("[N]ot just judges are protected by this immunity. Absolute quasi-judicial immunity extends the doctrine to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.) (cleaned up).

This includes immunity from suits brought under 42 U.S.C. § 1983. *Brookings*, 389 F.3d at 617. Immunity applies so long as the challenged action is taken "in the judge's judicial capacity" and not taken "in the complete absence of all jurisdiction." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012).

Here, Plaintiff asserts that the Judge Rancilio, Referee Wright, and Referee Falk acted "in the clear absence of subject matter jurisdiction . . . under the UCCJEA because Georgia had become the child's home state more than six months before the challenged actions, and a Georgia custody petition was pending." (ECF No. 1, PageID.7-8). However, these allegations do not establish the complete absence of all jurisdiction for judicial immunity purposes. *See Nelson v. Sharp*, No. 22-6018, 2023 U.S. App. LEXIS 26003, at *7-8 (6th Cir. Sept. 29, 2023) (unpublished) (concluding the same); *Lawson v. Woeste*, 603 S.W.3d 266, 274 (Ky. 2020) (distinguishing between subject-matter jurisdiction and particular-case jurisdiction in applying Kentucky's UCCJEA).

Next, to the extent Plaintiff asserts that the Judicial Defendants' actions were administrative and non-judicial in nature (ECF No. 1, PageID.7-9), the Court

7

disagrees. Rather, the acts Plaintiff challenges—which, regardless of their propriety, were critically taken to resolve the Plaintiff and Defendant Hunter's custody dispute—are all adjudicative actions normally performed by a judge. *See Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (an act is judicial in nature when (1) it is "a function that is normally performed by a judge" and (2) "the parties dealt with the judge [or quasi-judicial official] in his or her judicial capacity"); *id.* at 618 ("acts that involve resolving disputes between parties who have invoked the jurisdiction of a court[] are the touchstone for application of judicial immunity"); *McGhan v. Kalkaska County Dep't of Human Servs.*, No. 08-1113, 2009 U.S. Dist. LEXIS 128688, at *2-6, 33 (W.D. Mich. Jun. 1, 2009), adopted by 2009 U.S. Dist. LEXIS 62205 (W.D. Mich. Jul. 20, 2009) (dismissing similar claims where "[t]he challenged actions of Judge Buday were clearly judicial in nature"); *id.* at *34 ("Referee Mark Holston is likewise entitled to judicial immunity[ because] Michigan referees act in an adjudicative capacity."); *Irvin v. Wayne Cnty. Friend of the Ct.*, No. 25-10088, 2025 U.S. Dist. LEXIS 116537, at *16 (E.D. Mich. Jun. 18, 2025) ("district courts have consistently upheld quasi-judicial immunity of the Friend of the Court, so long as the Friend of the Court acts within its prescribed duties and responsibilities"); *id.* at *17 (a Friend of Court's "official and judicial duties" "include sending notices and making recommendations to the court regarding custody, parenting time, and child support based on independent investigations").

Accordingly, because the Judicial Defendants are entitled to judicial or quasi-judicial immunity, Plaintiff's individual capacity claims against the Judicial Defendants must be dismissed. *See Nelson*, 2023 U.S. App. LEXIS 26003 at *7-8 (concluding the same).  Having dismissed all Plaintiff's claims against the Judicial Defendants, the Court turns to her two claims against Defendant Hunter—for conspiracy to violate her rights and intentional infliction of emotional distress. (ECF No. 1, PageID.14-17).

To state a conspiracy claim under 42 U.S.C. § 1985 (conspiracy involving private parties),[2] a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).  In addition, "the Supreme Court has stated that '[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102

---

[2] To the extent Plaintiff asserts a conspiracy claim under 42 U.S.C. § 1983, she has not alleged that Hunter is a state actor.

(1971)).  Here, Plaintiff has not pled any facts that the actions of any Defendant, including Hunter, were "in any way motivated by racial or other class-based animus." *Id.* "Because [Plaintiff] has not [alleged] . . . [any] invidiously discriminatory animus," *id.*, her § 1985 claim must be dismissed.

Regardless of these defects, the conspiracy claim against Hunter must be also dismissed because Plaintiff has not pled this claim with the requisite particularity. "Whether proceeding under § 1983 or § 1985, [a p]laintiff must plead a conspiracy with particularity and show some evidence of coordinated actions between the alleged conspirators." *Moore v. Kulkarni*, No. 18-12280, 2019 U.S. Dist. LEXIS 119865, at *28 (E.D. Mich. May 31, 2019); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007) (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one).

Plaintiff alleges that Hunter "acted in concert with" the Judicial Defendants "by filing false and retaliatory pleadings that were granted without evidentiary support, notice, or legal basis." (ECF No. 1, PageID.15).  She asserts further that the Judicial Defendants took their allegedly improper actions "based on Hunter's false filings," and that the "pattern of [improper] conduct" "demonstrates a shared understanding and agreement to retaliate against Plaintiff and deprive her of federally protected rights." (ECF No. 1, PageID.15).  Plaintiff also alleges that the

10

Judicial Defendants' expedited decisions in Hunter's favor and apparent bias against her in the custody case show that Defendants acted in concert. (ECF No. 1, PageID.4-5). The Court concludes that these facts allege only a possibility of a conspiracy. Even accepting as true at this stage that Hunter filed false and malicious information to wrongfully deprive Plaintiff of custody over their minor child, the leap that he acted in concert with the Judicial Defendants to do so is wholly speculative. Specifically, the timing and results of the Judicial Defendants' decisions could just as likely have been the result of either the Judicial Defendants' being misled by Hunter or else their honest mistakes in deciding various issues in the underlying case, rather than any coordination with Hunter. *See Kondrat v. Aldrich*, No. 86-4142, 1987 U.S. App. LEXIS 10340, at *2 (6th Cir. 1987) (unpublished) ("The fact that plaintiff was unsuccessful in the prior lawsuit does not, without more, support the contention that a conspiracy involving the judge existed.").

Finally, the Court, having dismissed all Plaintiff's federal claims, declines to exercise supplemental jurisdiction over her state law claim for intentional infliction of emotional distress. *See Harajli v. Naser*, No. 06-10486, 2007 U.S. Dist. LEXIS 15297, at *18 (E.D. Mich. Jan. 18, 2007), adopted by 2007 U.S. Dist. LEXIS 8951 (E.D. Mich. Feb. 8, 2007) ("If there is no federal claim to which the state law can be supplemented, then there can be no supplemental jurisdiction."); *Page v. Upshaw*, No. 24-10074, 2024 U.S. Dist. LEXIS 103133, at *3-4 (E.D. Mich. May 10, 2024),

11

adopted by 2024 U.S. Dist. LEXIS 28879 (E.D. Mich. Dec. 18, 2024) ("Because Page raises no federal claim against Castro, the Court should decline to exercise supplemental jurisdiction over his state-law defamation claim against her.").[3]

\* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

---

[3] Although dismissal of Plaintiff's complaint is warranted for the reasons discussed, the Court also—to the extent Plaintiff seeks review of judicial decisions in state court—lacks jurisdiction under the *Rooker-Feldman* doctrine. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (lower federal courts do not have subject matter jurisdiction to review final judgments from state courts); *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021) (applying doctrine to interlocutory state orders). Here, Plaintiff's claims all concern an ongoing child custody case in state court, and she tellingly seeks to enjoin enforcement of the state court's custody and protective orders, as well as "any further action to interfere with Plaintiff's parental rights." (ECF No. 1, PageID.19). And federal courts have explicitly found that they lack jurisdiction to address a complaint that seeks review of a state court child custody order. *See Hancock v. Miller*, 852 F. App'x 914, 922 (6th Cir. 2021) (*Rooker-Feldman* bars review of any alleged harms that are the "product of a state court judgment") (citation omitted); *Evans v. Klaeger*, 12 F. App'x 326, 327 (6th Cir. 2001) (dismissing §1983 civil rights case that was essentially an impermissible appeal of a state court judgment where claims were specific grievances regarding decisions of the state domestic relations court in a child custody matter); *Johnson v. Antkoviak*, No. 25-393, 2025 U.S. Dist. LEXIS 69488, at *1 (W.D. Mich. Apr. 11, 2025) ("Under the judicially recognized domestic relations exception, federal courts generally lack authority to issue divorce, alimony and child custody decrees.") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

The Court further ORDERS that Plaintiff's motion for a TRO (ECF No. 3) is DENIED as moot.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: August 15, 2025                      s/Robert J. White
                                                            Robert J. White
                                                            United States District Judge